# EXHIBIT E

No.: 2013 L 53

STATE OF ILLINOIS
IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR

AMY MORRIS, )
    and )
)
NEW HAMPSHIRE INSURANCE COMPANY )
as Subrogee of N.G. HEIMOS GREEHHOUSES, INC., )
and N.G. HEIMOS GREENHOUSES, INC., )
)
    Plaintiffs Intervenors, )
v. ) No.: 2013 L 53
)
HANDY FERTILIZER, INC., P & H MANUFACTURING ) Consolidated with
CO., INC., THURSTON MANUFACTURING ) Case No.: 2013 L 52
COMPANY, DALTON AG PRODUCTS, INC., )
PARKER-HANNIFIN CORPORATION, CHEMI-TROL )
CHEMICAL CO., AMERICAN WELDING & TANK, )
PAUL HERRMANN, and RUTH HERRMANN, )
)
    Defendants. )

RECEIVED DEC 20 2013 Hinshaw & Culbertson SPRINGFIELD

## P & H MANUFACTURING CO., INC.
## ANSWER AND COUNTERCLAIMS FOR CONTRIBUTION

Defendant, P & H MANUFACTURING CO., INC., by its attorneys, Drake, Narup & Mead, P. C., for its Answer to the Complaint and Counterclaims for Contribution, state as follows:

1. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 1 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

2. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 2 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

3. Defendant has no knowledge sufficient to form a belief as to the truth of the



DNM
Drake, Narup & Mead, P.C.
Attorneys at Law
107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

Page 1 of 16

No.: 2013 L 53

factual allegations of Paragraph 3 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

4. Defendant admits the factual allegations of Paragraph 4 of the Complaint.

5. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 5 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

6. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 6 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

7. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 7 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

8. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 8 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

9. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 9 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

10. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 10 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

11. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 11 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).



DRAKE, NARUP & MEAD, P.C.

Attorneys at Law

107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

No.: 2013 L 53

12. Defendant admits the factual allegations of Paragraph 12 of the Complaint.

13. Defendant admits the general jurisdictional statement in Paragraph 13 of the Complaint but denied it committed an tortious acts.

14. No answer is necessary to Paragraph 14.

15. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 15 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

16. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 16 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

17. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 17 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

18. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 18 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

19. Defendant has no knowledge sufficient to form a belief as to the truth of the factual allegations of Paragraph 19 of the Complaint and therefore makes no answer to same in accordance with 735 ILCS 5/2-610(b).

**DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES JOINED HEREIN.**

## COUNTS I AND II

Defendant makes no Answer to Counts I and II of the Complaint because the allegations of those Counts are not directed against this Defendant.



Drake, Narup & Mead, P.C.

Attorneys at Law

107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

No.: 2013 L 53

**DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES JOINED HEREIN.**

## COUNT III

31. No answer is necessary for Paragraph 31. See Answers above.

32. Defendant denies the factual allegations of Paragraph 32 of Count III of the Complaint.

33. Defendant denies the factual allegations of Paragraph 33 of Count III of the Complaint.

34. Defendant denies the factual allegations of Paragraph 34 of Count III of the Complaint and further denies the allegations of subparagraphs a.-c. thereof.

35. Defendant denies the factual allegations of Paragraph 35 of Count III of the Complaint.

WHEREFORE, Defendant prays judgment in its favor and against the Plaintiffs as to Count III of the Complaint, and further prays recovery of its costs of suit.

**DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES JOINED HEREIN.**

## COUNT IV

36. No answer is necessary for Paragraph 36. See Answers above.

37. Defendant denies it designed, manufactured or sold the anhydrous ammonia nurse tank and denies the remaining factual allegations of Paragraph 37 of Count IV.

38. Defendant denies it designed, manufactured or sold the anhydrous ammonia nurse tank and denies the remaining factual allegations of Paragraph 38 of Count IV.

39. Defendant denies it designed, manufactured or sold the anhydrous ammonia nurse tank and denies the remaining factual allegations of Paragraph 39 of Count IV.



DRAKE, NARUP & MEAD, P.C.
Attorneys at Law
107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

No.: 2013 L 53

WHEREFORE, Defendant prays judgment in its favor and against the Plaintiffs as to Count IV of the Complaint, and further prays recovery of its costs of suit.

**DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES JOINED HEREIN.**

### COUNTS V - XIII

Defendant makes no Answer to Counts V and XIII of the Complaint because the allegations of those Counts are not directed against this Defendant.

**DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES JOINED HEREIN.**

## COUNTERCLAIMS FOR CONTRIBUTION

For its Counterclaims for Contribution against each of the Defendants in this action, P & H Manufacturing Co., Inc., by its attorneys, Drake, Narup & Mead, P.C., alleges as follows:

### COUNT I - HANDY FERTILIZER, INC.

1. This Counterclaim is brought pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq.*, and in the alternative to the admissions and denials as pleaded in its Answer above.

2. Counter-plaintiff, P & H Manufacturing Co., Inc., adopts the Plaintiffs' allegations of misconduct against Hardy Fertilizer, Inc., both in terms of the negligence and products liability theories, as and for its allegations against Hardy Fertilizer, Inc. in this Counterclaim, and incorporates the Plaintiff's Complaint herewith by reference.

3. Counter-plaintiff, P & H Manufacturing Co., Inc., has denied liability under the allegations of the Coomplaint and persists in that denial.

4. In the event that P & H Manufacturing Co., Inc., and Hardy Fertilizer, Inc. are both found liable to a plaintiff in this cause, any joint judgment will be the result of acts and



DNM
Drake, Narup & Mead, P.C.
Attorneys at Law
107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

No.: 2013 L 53

omissions on the part of each which proximately contributed to cause the injuries and damage for which recovery is obtained.

5. In the event of a joint judgment against P & H Manufacturing Co., Inc. and Hardy Fertilizer, Inc., P & H Manufacturing Co., Inc., will be entitled to contribution to the extent that the fault of Hardy Fertilizer, Inc. proximately contributed to cause any damages which are awarded to any Plaintiff.

WHEREFORE, Counter-plaintiff, P & H Manufacturing Co., Inc., prays entry of judgment in its favor and against Hardy Fertilizer, Inc. for contribution commensurate with the proportionate fault of Hardy Fertilizer, Inc. to the extent permitted by law.

### COUNTERPLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES JOINED HEREIN.

### COUNT II - THURSTON MANUFACTURING COMPANY

1. This Counterclaim is brought pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq.*, and in the alternative to the admissions and denials as pleaded in its Answer above.

2. Counter-plaintiff, P & H Manufacturing Co., Inc., adopts the Plaintiffs' allegations of misconduct against Thurston Manufacturing Company, both in terms of the negligence and products liability theories, as and for its allegations against Thurston Manufacturing Company. in this Counterclaim, and incorporates the Plaintiff's Complaint herewith by reference.

3. Counter-plaintiff, P & H Manufacturing Co., Inc., has denied liability under the allegations of the Coomplaint and persists in that denial.

4. In the event that P & H Manufacturing Co., Inc., and Thurston Manufacturing Company are both found liable to a plaintiff in this cause, any joint judgment will be the



DRAKE, NARUP & MEAD, P.C.

Attorneys at Law

107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

Page 6 of 16

No.: 2013 L 53

result of acts and omissions on the part of each which proximately contributed to cause the injuries and damage for which recovery is obtained.

5. In the event of a joint judgment against P & H Manufacturing Co., Inc. and Thurston Manufacturing Company, P & H Manufacturing Co., Inc., will be entitled to contribution to the extent that the fault of Thurston Manufacturing Company. proximately contributed to cause any damages which are awarded to any Plaintiff.

WHEREFORE, Counter-plaintiff, P & H Manufacturing Co., Inc., prays entry of judgment in its favor and against Thurston Manufacturing Company for contribution commensurate with the proportionate fault of Thurston Manufacturing Company to the extent permitted by law.

COUNTERPLAINTIFF DEMANDS TRIAL BY JURY
OF ALL ISSUES JOINED HEREIN.

COUNT III - DALTON AG PRODUCTS, INC.

1. This Counterclaim is brought pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq.*, and in the alternative to the admissions and denials as pleaded in its Answer above.

2. Counter-plaintiff, P & H Manufacturing Co., Inc., adopts the Plaintiffs' allegations of misconduct against Dalton Ag Products, Inc., both in terms of the negligence and products liability theories, as and for its allegations against Dalton Ag Products, Inc., in this Counterclaim, and incorporates the Plaintiff's Complaint herewith by reference.

3. Counter-plaintiff, P & H Manufacturing Co., Inc., has denied liability under the allegations of the Coomplaint and persists in that denial.

4. In the event that P & H Manufacturing Co., Inc., and Dalton Ag Products, Inc. are both found liable to a plaintiff in this cause, any joint judgment will be the result of acts



Attorneys at Law

107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

Page 7 of 16

No.: 2013 L 53

and omissions on the part of each which proximately contributed to cause the injuries and damage for which recovery is obtained.

5. In the event of a joint judgment against P & H Manufacturing Co., Inc. and Dalton Ag Products, Inc., P & H Manufacturing Co., Inc., will be entitled to contribution to the extent that the fault of Dalton Ag Products, Inc., proximately contributed to cause any damages which are awarded to any Plaintiff.

WHEREFORE, Counter-plaintiff, P & H Manufacturing Co., Inc., prays entry of judgment in its favor and against Dalton Ag Products, Inc., for contribution commensurate with the proportionate fault of Dalton Ag Products, Inc. to the extent permitted by law.

<b>COUNTERPLAINTIFF DEMANDS TRIAL BY JURY<br>OF ALL ISSUES JOINED HEREIN.</b>

### COUNT IV - PARKER-HANNIFIN CORPORATION

1. This Counterclaim is brought pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq.*, and in the alternative to the admissions and denials as pleaded in its Answer above.

2. Counter-plaintiff, P & H Manufacturing Co., Inc., adopts the Plaintiffs' allegations of misconduct against Parker-Hannifin Corporation, both in terms of the negligence and products liability theories, as and for its allegations against Parker-Hannifin Corporation, in this Counterclaim, and incorporates the Plaintiff's Complaint herewith by reference.

3. Counter-plaintiff, P & H Manufacturing Co., Inc., has denied liability under the allegations of the Coomplaint and persists in that denial.

4. In the event that P & H Manufacturing Co., Inc., and Parker-Hannifin Corporation are both found liable to a plaintiff in this cause, any joint judgment will be the



Drake, Narup & Mead, P.C.
Attorneys at Law
107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

Page 8 of 16

No.: 2013 L 53

result of acts and omissions on the part of each which proximately contributed to cause the injuries and damage for which recovery is obtained.

5. In the event of a joint judgment against P & H Manufacturing Co., Inc. and Parker-Hannifin Corporation, P & H Manufacturing Co., Inc., will be entitled to contribution to the extent that the fault of Parker-Hannifin Corporation proximately contributed to cause any damages which are awarded to any Plaintiff.

WHEREFORE, Counter-plaintiff, P & H Manufacturing Co., Inc., prays entry of judgment in its favor and against Parker-Hannifin Corporation for contribution commensurate with the proportionate fault of Parker-Hannifin Corporation to the extent permitted by law.

COUNTERPLAINTIFF DEMANDS TRIAL BY JURY<br/>OF ALL ISSUES JOINED HEREIN.

### COUNT V - CHEMI-TROL CHEMICAL CO.

1. This Counterclaim is brought pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq.*, and in the alternative to the admissions and denials as pleaded in its Answer above.

2. Counter-plaintiff, P & H Manufacturing Co., Inc., adopts the Plaintiffs' allegations of misconduct against Chemi-Trol Chemical Co., both in terms of the negligence and products liability theories, as and for its allegations against Chemi-Trol Chemical Co. in this Counterclaim, and incorporates the Plaintiff's Complaint herewith by reference.

3. Counter-plaintiff, P & H Manufacturing Co., Inc., has denied liability under the allegations of the Coomplaint and persists in that denial.

4. In the event that P & H Manufacturing Co., Inc., and Chemi-Trol Chemical Co. are both found liable to a plaintiff in this cause, any joint judgment will be the result of acts



DNM
DRAKE, NARUP & MEAD, P.C.
Attorneys at Law
107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

Page 9 of 16

No.: 2013 L 53

and omissions on the part of each which proximately contributed to cause the injuries and damage for which recovery is obtained.

5. In the event of a joint judgment against P & H Manufacturing Co., Inc. and Chemi-Trol Chemical Co., P & H Manufacturing Co., Inc., will be entitled to contribution to the extent that the fault of Chemi-Trol Chemical Co. proximately contributed to cause any damages which are awarded to any Plaintiff.

WHEREFORE, Counter-plaintiff, P & H Manufacturing Co., Inc., prays entry of judgment in its favor and against Chemi-Trol Chemical Co. for contribution commensurate with the proportionate fault of Chemi-Trol Chemical Co., to the extent permitted by law.

### COUNTERPLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES JOINED HEREIN.

### COUNT VI - AMERICAN WELDING & TANK

1. This Counterclaim is brought pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq.*, and in the alternative to the admissions and denials as pleaded in its Answer above.

2. Counter-plaintiff, P & H Manufacturing Co., Inc., adopts the Plaintiffs' allegations of misconduct against American Welding & Tank, both in terms of the negligence and products liability theories, as and for its allegations against American Welding & Tank in this Counterclaim, and incorporates the Plaintiff's Complaint herewith by reference.

3. Counter-plaintiff, P & H Manufacturing Co., Inc., has denied liability under the allegations of the Coomplaint and persists in that denial.

4. In the event that P & H Manufacturing Co., Inc. and American Welding & Tank are both found liable to a plaintiff in this cause, any joint judgment will be the result of acts and omissions on the part of each which proximately contributed to cause the injuries and



DNM
Drake, Narup & Mead, P.C.
Attorneys at Law
107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

No.: 2013 L 53

damage for which recovery is obtained.

5. In the event of a joint judgment against P & H Manufacturing Co., Inc. and American Welding & Tank, P & H Manufacturing Co., Inc. will be entitled to contribution to the extent that the fault of American Welding & Tank proximately contributed to cause any damages which are awarded to any Plaintiff.

WHEREFORE, Counter-plaintiff, P & H Manufacturing Co., Inc., prays entry of judgment in its favor and against American Welding & Tank for contribution commensurate with the proportionate fault of American Welding & Tank, to the extent permitted by law.

### COUNTERPLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES JOINED HEREIN.

### COUNT VII - PAUL HERRMANN

1. This Counterclaim is brought pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/1 et seq., and in the alternative to the admissions and denials as pleaded in its Answer above.

2. Counter-plaintiff, P & H Manufacturing Co., Inc., adopts the Plaintiffs' allegations of misconduct against Paul Herrmann as and for its allegations against Paul Herrmann in this Counterclaim, and incorporates the Plaintiff's Complaint herewith by reference.

3. Counter-plaintiff, P & H Manufacturing Co., Inc., has denied liability under the allegations of the Coomplaint and persists in that denial.

4. In the event that P & H Manufacturing Co., Inc. and Paul Herrmann are both found liable to a plaintiff in this cause, any joint judgment will be the result of acts and omissions on the part of each which proximately contributed to cause the injuries and damage for which recovery is obtained.



DNM
DRAKE, NARUP & MEAD, P.C.

Attorneys at Law

107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

Page 11 of 16

No.: 2013 L 53

5. In the event of a joint judgment against P & H Manufacturing Co., Inc. and Paul Herrmann, P & H Manufacturing Co., Inc. will be entitled to contribution to the extent that the fault of Paul Herrmann proximately contributed to cause any damages which are awarded to any Plaintiff.

WHEREFORE, Counter-plaintiff, P & H Manufacturing Co., Inc., prays entry of judgment in its favor and against Paul Herrmann for contribution commensurate with the proportionate fault of Paul Herrmann, to the extent permitted by law.

### COUNTERPLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES JOINED HEREIN.

### COUNT VIII - RUTH HERRMANN

1. This Counterclaim is brought pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq.*, and in the alternative to the admissions and denials as pleaded in its Answer above.

2. Counter-plaintiff, P & H Manufacturing Co., Inc., adopts the Plaintiffs' allegations of misconduct against Ruth Herrmann as and for its allegations against Ruth Herrmann in this Counterclaim, and incorporates the Plaintiff's Complaint herewith by reference.

3. Counter-plaintiff, P & H Manufacturing Co., Inc., has denied liability under the allegations of the Coomplaint and persists in that denial.

4. In the event that P & H Manufacturing Co., Inc. and Ruth Herrmann are both found liable to a plaintiff in this cause, any joint judgment will be the result of acts and omissions on the part of each which proximately contributed to cause the injuries and damage for which recovery is obtained.

5. In the event of a joint judgment against P & H Manufacturing Co., Inc. and



Drake, Narup & Mead, P.C.
Attorneys at Law
107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

No.: 2013 L 53

Ruth Herrmann, P & H Manufacturing Co., Inc. will be entitled to contribution to the extent that the fault of Ruth Herrmann proximately contributed to cause any damages which are awarded to any Plaintiff.

WHEREFORE, Counter-plaintiff, P & H Manufacturing Co., Inc., prays entry of judgment in its favor and against Ruth Herrmann for contribution commensurate with the proportionate fault of Ruth Herrmann, to the extent permitted by law.

COUNTERPLAINTIFF DEMANDS TRIAL BY JURY
OF ALL ISSUES JOINED HEREIN.

P & H MANUFACTURING CO., INC., Defendant

DRAKE, NARUP & MEAD, P.C.

_____
Randall A. Mead
Reg. No. 06180340

**DNM**
Drake, Narup & Mead, P.C.

Attorneys at Law

107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

No.: 2013 L 53

STATE OF ILLINOIS    )
                     )   SS
COUNTY OF SHELBY     )

  Defendant, P AND H MANUFACTURING CO., INC., by its Vice President, Dennis Hendrix, pursuant to 735 ILCS 5/2-610(c) verifies this Defendant's statements of want of knowledge as pleaded above, are true.

                _____
                Dennis Hendrix, Vice President

Subscribed and sworn to before me this __12__ day of December, 2013.

OFFICIAL SEAL
CECELIA L PILCHER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/5/17

            _____
               Notary Public

DNM
Drake, Narup & Mead, P.C.

Attorneys at Law

107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

No.: 2013 L 53

## PROOF OF SERVICE

I certify that I served a copy of the foregoing by placing same in an envelope and by depositing same in the United States Mail at Springfield, Illinois, on the 17th day of December, 2013, with postage fully prepaid, addressed to:

Mr. Jack Cranley
Attorney at Law
2 Butternut Lane
Glen Carbon, IL 62034

Mr. Ryan Akers
Denenberg Tuffley
28411 Northwestern Highway, Suite 600
Southfield, MI 48034
*Attorneys for New Hampshire Ins. Co.*

Mr. Morry S. Cole
Gray Ritter & Graham
701 Market Street, Suite 800
St. Louis, MO 63101-1826
*Attorney for N.G. Heimos Greenhouses*

Mr. Russell Reed
Hinshaw & Culbertson
400 South Ninth Street, Suite 200
Springfield, Illinois 62701
*Attorney for Handy Fertilizer*

Ms. Maureen McGlynn
Kortenhof McGlynn & Burns
1015 Locust Street, Suite 710
St. Louis, Missouri 63101

Mr. William McCandless
Smith Haughey Rice & Roegge
213 S. Ashley, Suite 400
Ann Arbor, Michigan 48104
*Attorneys for Parker-Hannifin*

Mr. Samuel Goldblatt
Nixon Peabody
100 Summer Street
Boston, Massachusetts 01120
*Attorney for Chemi-Trol Chemical and American Welding & Tank*



DNM
Drake, Narup & Mead, P.C.

Attorneys at Law

107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

Page 15 of 16

No.: 2013 L 53

Mr. Michael Murphy
Freeark Harvey & Mendillo
PO Box 546
Belleville, Illinois 62222-0546
*Attorney for Paul & Ruth Herrmann*

Mr. Donald Ohl
Knapp, Ohl & Green
PO Box 446
Edwardsville, Illinois 62025
*Attorney for Thurston Manufacturing*

Mr. David Simkins
Wuestling & James
720 Olive Street, Suite 2020
St. Louis, MO 63101
*Attorney for Dalton AG Products*

Mr. Garrett Hoerner
Becker Paulson Horner & Thompson
511 West Main Street
Belleville, Illinois 62226

Mr. Scott Kolker
Kolker & Germeroth
7730 Carondelet, Suite 310
Clayton, MO 63105

Mr. Daniel DeFeo
The DeFeo Law Firm
924 Main Street
Lexington, Missouri 64067
*Attorneys for Plaintiffs Koene & Morris*

_____
Randall A. Mead
Mead@dnmpc.com

RAM/abt
2009-002
12/10/13

DNM
Drake, Narup & Mead, P.C.
Attorneys at Law
107 East Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401